[Crim. No. 494. Third Appellate District.—May 8, 1920.]

## THE PEOPLE, Respondent, v. RAYMOND WHITE, Appellant.

[1] CRIMINAL LAW—RAPE—FABRICATION OF DEFENSE BY CODEFENDANTS —EVIDENCE.—In a prosecution of a defendant charged jointly with another with the crime of rape, evidence of a conversation between the two defendants while they were confined in jail before the trial, which was indicative of a purpose on the part of both defendants to fabricate a defense to the charge, is properly submitted to the jurors for their consideration.

[2] ID.—AMENDMENT OF INFORMATION—CHANGE OF NAME OF PROSECUTRIX—LACK OF PREJUDICE—WAIVER OF OBJECTION.—A defendant convicted of the crime of rape may not, for the first time, on appeal, raise the objection that he was prejudiced by the action of the trial court in permitting the district attorney, after the jury was impaneled, to amend the information on its face by correcting the name of the prosecutrix, the cause having thereafter proceeded to trial without any objection or suggestion that a different offense had been charged by changing the name of the prosecutrix.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Kasch for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of the crime of rape and he appeals from the judgment and the order denying his motion for a new trial. He was jointly charged with one Willard Carlson but he was tried separately. The prosecutrix was fifteen years of age, and the evidence shows quite conclusively that she was the victim of a brutal assault committed by the defendants acting in concert. Indeed, it would have been surprising if the jury had failed to convict appellant. We make these observations to indicate in what light we should view the two alleged errors upon which appellant relies for a reversal. **[1]** The first of these relates to the introduction in evidence of a conversation between the two defendants while they were confined in jail before the trial. The testimony was given by a constable, who was secreted in one of the cells near those occupied by White and Carlson. Their statements were purely voluntary and they were indicative of a purpose on the part of both defendants to fabricate a defense to the charge. At least, the statements were capable of such construction, and it was entirely proper to submit them to the jurors for their consideration. The statements are too indecent for publication, but it is sufficient to say that they agreed as to what their testimony should be. That they should consider it necessary to make such agreement affords some evidence of a guilty mind. Innocent men might inquire of each other as to their recollection of an event or their knowledge of an alleged offense, but they are not at all likely to plunge immediately into a proposal and acceptance of a certain definite statement to be made by each in answer to a criminal charge. We are entirely satisfied that it was a proper circumstance for the jury to consider, but at any rate, under the rule that now prevails in this state, if the ruling was erroneous, it should not operate to overthrow the verdict.

**[2]** The other objection is probably worthy of more serious consideration. As to it the only record is contained in the following minutes of the clerk: "The jury being now complete . . . the clerk thereupon read the information to the jury and stated defendant's plea of not guilty. Thereupon the district attorney requested and was granted permission of the court to amend the information on its face by striking out the word Carlsen and inserting in lieu thereof the word Larsen." In reference to this matter,

47 Cal. App.—26

appellant asseverates that he "was denied the right of trial by jury. The jury that returned the verdict was never impaneled or sworn to try him on the charge upon which he was convicted. At the time the jury that convicted him was sworn, the charge upon which he was convicted had not been filed against him. He never had an opportunity to challenge peremptorily or for any cause any of the jurors. In short, this was the most irregular trial which, in my opinion, has ever been submitted for review." This is assuredly quite a picturesque and impressive impeachment of the district attorney and the trial judge, but it is entirely unwarranted by the facts in the cause. We are justified in representing the situation as follows: Appellant was regularly and properly charged by an information with said crime committed June 30, 1919, in said county of Mendocino, against the person of Jennie Carlsen. He was arraigned and pleaded not guilty and the case was set for trial. A jury was impaneled according to law and then the district attorney ascertained that a clerical mistake had been made in stating the name of the prosecutrix, that her real name was Jennie Larsen, and not Carlsen, as it appeared, and asked the court's permission to make the change. To this request no objection was made by appellant and by his silence he acquiesced in the suggestion. Thereupon the court granted permission to have the mistake thus corrected. This was done and the cause proceeded to trial without any objection or suggestion that a different offense had been charged by changing the name of the prosecutrix, it being understood by all parties that only one offense was claimed by the district attorney and that the amendment was sought for the reason already stated. The trial disclosed the name of the prosecuting witness to be Jennie Larsen, and it was shown very clearly that at the time and place and in the manner alleged in the information said offense was committed against her. He was convicted, and, for the first time, on appeal, he makes the point that another offense was charged by the amendment and that for such offense he was never arraigned and was not legally put upon trial. Under such circumstances, can he successfully urge such objection? To ask the question is to answer it. The court had the right to permit the error to be corrected, it was plainly its duty to do so, and such action would not have been subject to objection, if any had been

made. But, as we have seen, appellant acquiesced in the course that was pursued, and that affords an additional reason why he should not now be heard to complain. It is true that we have stated the case more fully than the record discloses, but as to this point we simply have the minutes of the clerk; they do not purport, nor are they expected, to contain the whole record, and the presumptions are in favor of the regularity of the proceedings. In the absence of any showing to the contrary we have a right to assume, therefore, what is altogether probable, namely, that the change was made for the reason suggested.

As to another arraignment and another plea, they were, of course, not called for, since but one offense was charged, and as to that the defendant was allowed every right which the law provides. It would have been an idle and foolish thing to repeat the arraignment and to reimpanel the jury simply because the court had permitted an amendment to the information for the purpose of properly identifying and describing the offense that was committed by the appellant.

We may add that the court would have inherent power to permit such a clerical mistake to be corrected, but section 1008 of the Penal Code expressly authorized amendments as follows: "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant."

Of course, there was no prejudice to the substantial rights of the defendant caused by the course herein pursued. Indeed, if we may assume that the proceedings were irregular, then, no substantial wrong has been committed, and no injustice has been suffered. In this connection, the case of *People* v. *Tomsky,* 20 Cal. App. 672, [130 Pac. 184], may be read with interest and profit. It is ample authority to justify the rejection of appellant's contentions as opposed to the established principles of modern criminal procedure.

We think the judgment and order should be affirmed and it is so ordered.

Hart, J., and Nicol, P. J., *pro tem.,* concurred.