[Crim. No. 1179.   Third Appellate District.—December 21, 1931.]

## THE PEOPLE, Respondent, v. JAMES HOOVER, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—Defendant James Hoover was convicted by a jury in the Superior Court of Yolo County on April 7, 1930, of murder of the second degree. Having suffered a prior conviction, he was sentenced to imprisonment in the state prison at Folsom and is now incarcerated there. Long after this judgment had become final, and on September

11, 1931, he filed a motion in the Superior Court of Yolo County to set aside and vacate said judgment of conviction of murder upon the ground that he was held to answer to the superior court for the murder of *Roy* Smith and was tried in the superior court and convicted of the murder of *Ray* Smith. The motion was denied by the learned trial judge on September 21, 1931. From the order denying said motion the defendant prosecutes this appeal.

These additional facts appear in the record: A criminal complaint was filed against said defendant under the name of Jimmie Ray on February 3, 1930, in the justice's court of Washington township, Yolo County, charging him and a man called Lester Ray with the murder of *Roy Smith,* a human being. A preliminary examination followed and they were held to answer to the superior court for the murder of Roy Smith. Thereafter the district attorney filed an information in said superior court charging defendant, whose true name is James Hoover, with the murder of *Ray Smith* instead of Roy Smith. Defendant James Hoover was duly arraigned upon this information and, without objection of any kind, entered a plea of not guilty. On the morning of the trial the following proceedings were had in said court:

"The Court: Are you ready, gentlemen? Mr. Chalmers (district attorney): We are ready. Mr. McDonald (attorney for defendant): Ready. Mr. Chalmers: If the Court please, in looking over the information, I find that it describes the party killed as 'Ray Smith'. That is a typographical error. It should be 'Roy Smith', and we move to amend the information to read 'Roy Smith'. Mr. McDonald: No objection. The Court: Very well."

The minutes of said court also show the following:

"In the Superior Court of the State of California, in and for the County of Yolo.

"The People of the State of California,
vs.
James Hoover and H. L. Hoover, Defendants.

"W. A. Anderson, Judge.
"April 2, 1930.

"This cause came on regularly for trial this day at 10 a. m. The District Attorney and the defendants and their

counsel, C. C. McDonald, and the venire of jurors are present in Court and ready for trial.

"The District Attorney moved the court for an amendment of the information to show the true name of the deceased to be 'Roy Smith', instead of 'Ray Smith', which motion was granted by the Court, and the Clerk amended the information accordingly."

After this amendment the case proceeded to trial and defendant James Hoover was, as above stated, convicted of murder of the second degree. He contends on this appeal that the verdict and judgment of conviction of murder is void, because he was held to answer to the superior court for the murder of Roy Smith and was tried, convicted and sentenced by said superior court for the murder of *Ray* Smith.

It is also contended by appellant that the information was void and could not be amended. There is absolutely no merit in any of these contentions. The information was not void. It only contained a clerical error in that the word *Ray* Smith was used instead of *Roy* Smith, or to be exact, the letter "a" was inserted for the letter "o" in the Christian name of the murdered man.

A court would have inherent power to permit such a clerical error to be corrected, but section 1008 of the Penal Code expressly authorizes the court, in its discretion, to allow such amendment, as here under consideration, where it could be done without prejudice to the substantial rights of the defendant.

There was no prejudice to the substantial right of the defendant by the amendment—he knew and everybody else connected with the case knew, that he was charged with the murder of one human being by the name of *Roy Smith and no one else,* and that the name *Ray* Smith in the information was a mere typographical error. Indeed, the record above set forth shows that his own counsel knew that the name *Ray* Smith was an error and it should be *Roy* Smith, for he expressly stated that there was no objection to the amendment. The amendment was fully justified. (See *People* v. *White,* 47 Cal. App. 400 [190 Pac. 821]; *People* v. *Tomsky,* 20 Cal. App. 672 [130 Pac. 184]; *People* v. *Jensen,* 82 Cal. App. 489 [255 Pac. 781]; *People* v. *Harrison,* 14 Cal. App. 546 [112 Pac. 733].)

Defendant cannot escape punishment, which the record in this case shows he so richly deserves, through any such flimsy technicalities as here presented.

The trial court acted wisely in denying the motion, and its order in so doing should be affirmed, and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.