[Crim. No. 5549. In Bank. Feb. 25, 1954.]

THE PEOPLE, Respondent, v. CLIFFORD R. FRANCIS, Appellant.

William W. Larsen and Ray L. Smith for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

CARTER, J.—Defendant was charged by information in two counts with passing two checks without sufficient funds with the intent to defraud; both checks (one in each count) were passed on the same day, in the same place, Bennie's Clubhouse, to different employees in that place and drawn on the same bank; one (count one) was for $60, the other (count two) for $25. He was also charged with a prior conviction and imprisonment for conspiracy to commit pandering.

Defendant with his counsel, Mr. Testa, pleaded not guilty to both counts on his arraignment on April 25, 1952, and trial was set for June 19, 1952. On June 3d, defendant substituted Mr. Larsen as his attorney in place of Mr. Higgins. (What happened to Testa does not appear.) On the day set for trial (June 19th) defendant and his counsel Larsen requested and were granted a continuance to July 30th. On that date defendant and his counsel asked and were permitted to withdraw his plea of not guilty to count one, and pleaded guilty to that count; he admitted the prior conviction; he waived time for sentence on that count and was granted leave to apply for probation. The hearing for probation, sentencing for count one, and disposition of count two were set for September 12, 1952. The probation officer's report, recommending denial, was filed September 11th. On the 12th, defendant and counsel appeared and the matters to be considered at that time were continued at defendant's request to October 3, 1952. On that date at defendant's request the hearing was continued to October 10th. On the 10th, defendant with his counsel moved to withdraw his plea of guilty to count one. That motion and the application for probation were denied and sentence was pronounced. Defendant thereupon gave notice of appeal. Thereafter defendant's motion to vacate the judgment and for permission to withdraw the appeal was denied. After probation was denied and judgment given, the second count was dismissed by the court on the motion of the prosecuting attorney in the "interest of justice."

Defendant appeals from the judgment and the denial of his motion to withdraw his plea. Inasmuch as an order denying the application to withdraw the plea of guilty by the defendant is not appealable (*People* v. *Shaffer*, 130 Cal.App. 749 [20 P.2d 345] ; *People* v. *Block*, 134 Cal.App. 217 [25 P.2d 242] ; *People* v. *Brickert*, 3 Cal.App.2d 474 [39 P.2d 450] ; *People* v. *Ramey*, 135 Cal.App. 573 [27 P.2d 941] ; *People* v. *Griffin*, 100 Cal.App.2d 546 [224 P.2d 47] ; *People* v. *Tidwell*, 108 Cal.App.2d 60 [238 P.2d 21] ; Pen. Code, § 1237) the appeal therefrom is dismissed.

By way of amplification, the reporter's transcript of the events on September 12, 1952, when the continuance was granted, shows that defendant's counsel had read the probation report and wanted the continuance because of some derogatory remarks stated therein to have been made by his wife. No suggestion of withdrawal of the guilty plea was made then or on October 3d when a continuance was requested.

The same transcript shows that at the hearing on October 10th when defendant moved to withdraw his not guilty plea the motion was made under section 1018 of the Penal Code.* His counsel stated that it had not "occurred" to him until he read the probation report (which would have been September 12th) and talked to defendant that the latter had given the probation officer a "complete denial and a full defense to the charge" to which he had pleaded guilty. He offered to prove that if defendant could be sworn he would testify as he stated to the probation officer, that is, he thought he had made arrangements to cover any possible overdraft and had no intention to issue a check without sufficient funds; that he would show mistake and inadvertence in making the guilty plea by affidavit or oral testimony. The probation report was offered. Counsel further stated that defendant had no intent to defraud; that the guilty plea was entered by inadvertence and ignorance in that defendant did not know there had to be an intent to defraud—that if he had made arrangements to cover the check there would not be such intent. The district attorney opposed the motion.

The probation report shows defendant to have stated that "in explanation" of the charge of insufficient funds he found it "difficult to explain." He was "reasonably certain" "the shortage would be taken care of at that time, however, through domestic problems I [he] failed to cover the shortage." He had no intent to defraud. In the past, Bennie's had held checks for a few days. He did not ask them to do so on the instant occasion but "hoped" they would. When he presented the checks he did not know for sure whether he had sufficient funds but had asked his wife to deposit to his account sufficient to cover them and thought she had done so.

The court refused defendant's offer to support his motion and also the probation report. The report, however, had been filed in the court and the latter must have been familiar with its contents for it also considered at the September 12th hearing the question of probation. The basis of the refusal was that defendant was delinquent in making his application to change his plea; that he had full opportunity to make it some

---

*"On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

"This section shall be liberally construed to effect these objects and to promote justice." (Pen. Code, § 1018.)

time before it was made and he offered no justifiable excuse for the delay.

As indicated by section 1018 of the Penal Code, *supra*, it must be liberally construed, that is, liberality in permitting a withdrawal of a plea of guilty before judgment is expressly enjoined upon the court. (*People* v. *Griggs*, 17 Cal.2d 621 [110 P.2d 1031]; *People* v. *Miller*, 114 Cal. 10 [45 P. 986]; *In re Hough*, 24 Cal.2d 522 [150 P.2d 448]; *People* v. *Schwarz*, 201 Cal. 309, 315 [257 P. 71].) Also as stated in the above cited section the withdrawal of such a plea rests in the sound discretion of the trial court and a denial may not be disturbed unless the trial court has abused its discretion. (*People* v. *Griggs*, *supra*, 17 Cal.2d 621; cases collected 4 Cal.Jur. 10-Yr.Supp. (1943 rev.), p. 599 et seq.)

While it would have been better practice for the court to have heard the evidence offered by defendant in support of his motion to withdraw his plea of guilty, the fact that this evidence was in the probation report which was before the court, and considerable time had expired since the entry of the guilty plea, we cannot say that the court abused its discretion in denying the motion.

Judgment affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.