[Crim. No. 5503.   Second Dist., Div. One.   Jan. 11, 1956.]

THE PEOPLE, Respondent, v. WILLIAM H. YOUNG, Appellant.

Block, Toler, Bullock & Biggerstaff and F. B. Toler, **Jr.**, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and from an order denying defendant's motion to withdraw the pleas of guilty and to enter pleas of not guilty.

Defendant was charged by information with five counts of violating section 476a of the Penal Code. Defendant was arraigned on March 25, 1955. The cause was continued to April 4, 1955. A motion to dismiss was made on said date and continued to April 25, 1955. On said date the motion was withdrawn and the trial set for June 3, 1955. On June 3d the matter was continued to June 23, 1955. On June 23d the plea of not guilty was withdrawn and a plea of guilty to two counts was entered. The matter was referred to the probation department and continued to July 14, 1955.

On July 12th, defendant appeared in court, represented by a different attorney, and made a motion to set aside the plea of guilty. The cause was continued to July 18, 1955, for a hearing on said motion. Affidavits in support of said motion were filed. The motion was denied and judgment was pronounced on July 28, 1955.

It is contended on appeal that the court abused its discretion in denying the motion.

The motion is supported by affidavits. It is set forth therein in substance that defendant was unduly influenced by the attorney and as recited in appellant's brief, "the defendant was informed by his attorney immediately preceding the time for trial to commence that said attorney was ill prepared to proceed with the trial due to the fact that 'said attorney had not been paid sufficient sums to properly prepare for said trial and that said attorney would have to try said case "from the seat of my pants." ' " Without going into further detail it is sufficient to note that the record clearly presents a situation which, under the well-established law on the subject, entitled appellant to the relief sought. As declared in the case of *People* v. *McGarvey*, 61 Cal.App. 2d 557 [142 P.2d 92], "The withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice would be subserved by permitting defendant to plead not guilty instead; and it has

been held that the least surprise or influence causing the defendant to plead guilty when he has any defense at all should be sufficient to permit a change of plea from guilty to not guilty."

"The law seeks no unfair advantage over a defendant but is watchful to see that the proceedings . . . shall be fairly and impartially conducted." (*People* v. *Schwarz*, 201 Cal. 309 [257 P. 71].) (See also *People* v. *McCrory*, 41 Cal. 458; *People* v. *Burkett*, 118 Cal.App.2d 204 [257 P.2d 745].)

Section 1018 of the Penal Code provides:

"On application of the defendant at anytime before judgment, the court may, . . . , for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

"This section shall be liberally construed to effect these objects and to promote justice."

As stated in *People* v. *McGarvey*, 61 Cal.App.2d 557 [142 P.2d 92], "No possible harm could have resulted or can result to the state by allowing him to withdraw his plea of guilty and substitute a plea of not guilty. If he is innocent of the charge, as he maintains, he ought to have a fair opportunity for a defense; otherwise, he would, under the ruling complained of, suffer a great wrong. If he is guilty, the law may still be vindicated, and the state will have an opportunity to establish that guilt under a plea of not guilty." There are many decisions that hold in substance to the same effect. In the light of the well established law on the subject, it appears from a review of the record that defendant was entitled to withdraw the plea of guilty and enter a plea of not guilty.

The judgment is reversed.

White, P. J., and Fourt, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 8, 1956. Traynor, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.