[Crim. No. 10180. Second Dist., Div. Two. Nov. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH D'AGOSTINO, Defendant and Appellant.

Burton Marks for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J. — Defendant appeals from the judgment entered against him following his plea of guilty to the crime of conspiracy to violate section 337a of the Penal Code (bookmaking). ██ Appellant's basic assignment of error is that the trial court abused its discretion in refusing to allow him to withdraw his plea of guilty after he had learned on the date originally scheduled for his probation and sentence hearing that he would be imprisoned for his offense.

Appellant and some six other codefendants were charged jointly in a six-count information with five violations of section 337a of the Penal Code, subdivisions 1, 2, 3, 4 and 6, and

one count of conspiracy to violate said section. It appears that all defendants were represented by Mr. Joe Forno, an experienced trial counsel. Initially, all defendants made motions under section 995 of the Penal Code.

However, on the date set for the hearing of these motions before Judge H. Burton Noble, four of the defendants withdrew their motions and changed their pleas to guilty. Appellant and one other defendant were transferred to the court of Judge William E. Fox. Subsequently, the prosecution ''conceded'' that the 995 motion by the remaining codefendant was well taken and a dismissal of the charges against him was granted. Appellant withdrew his motion and changed his plea to guilty to Count I of the information, i.e., conspiracy to commit bookmaking. The matter was thereupon continued for probation and sentence hearing.

At the time appellant changed his plea to guilty, he testified as follows in response to the questioning of the deputy district attorney:

''I understand from your attorney that it is your desire at this time to enter a plea of guilty to Count I of this information, the conspiracy to commit bookmaking. Is that your desire, sir? The Defendant D'Agostino: Yes, sir. Mr. Cherniss: You have talked this matter over with your attorney? The Defendant D'Agostino: Yes, sir. Mr. Cherniss: And you understand that you do have a right to a trial by jury on the issues of fact contained in this case? The Defendant D'Agostino: Yes, sir. Mr. Cherniss: And has anyone made you any promises of immunity or lesser sentence or probation because you are entering a plea of guilty to this charge? The Defendant D'Agostino: No. Mr. Cherniss: Has anyone made any threats forcing you to enter a plea of guilty to this charge? The Defendant D'Agostino: No, sir. Mr. Cherniss: Are you entering the plea of guilty to this charge because you believe in truth and fact you are guilty of the charge of conspiracy to violate Section 337a of the Penal Code? The Defendant D'Agostino: Yes, sir. Mr. Cherniss: And you are entering this plea freely and voluntarily? The Defendant D'Agostino: Yes, sir. Mr. Cherniss: To the charge of conspiracy to violate Section 337a of the Penal Code, a felony, as charged in Count I of the information number 285,970, how do you now plead? The Defendant D'Agostino: Guilty. Mr. Forno: We will waive time for sentence, your Honor, request permission to file a written application.''

However, at the probation and sentence hearing after appellant's counsel learned of Judge Fox's intentions,[1] but prior to the actual sentencing, a motion for a continuance was made to allow appellant to obtain other counsel.

At the rescheduled hearing, Mr. Forno and appellant appeared with appellant's present counsel, Mr. Burton Marks, and moved that the latter be substituted as attorney for defendant in place of Mr. Forno. The motion was granted and Mr. Forno was excused. Appellant then filed an affidavit in support of his motion seeking to withdraw his plea of guilty under the provisions of section 1018 of the Penal Code.[2]

In his affidavit appellant alleged that he had advised Mr. Forno that he was innocent of any conspiracy but that Mr. Forno had told him that a trial of such a charge would be "extremely expensive"; that he believed the prosecution's evidence was sufficient to convict, and that if convicted after a trial he would doubtless receive a county jail or state prison sentence. He further averred that Mr. Forno told him they "could probably work out a deal with the Judge and the District Attorney whereby if declarant pleaded guilty to one count that declarant would get a fine."

Appellant asserted that after a consultation in the chambers of Judge Noble which resulted in four of appellant's codefendants changing their pleas, appellant was advised by Mr. Forno "that Judge Noble was unwilling to enter into any 'deal' but was willing to transfer the matter to Judge Fox, if Judge Fox wanted to dispose of it."

The affidavit contained the further averments that after Mr. Forno and the deputy district attorney had conferred in Judge Fox's chambers, Mr. Forno advised appellant that if he would change his plea, the deputy district attorney "would have no objection to the imposition of such

---

[1]The reporter's transcript reveals that at the time appellant's motion to withdraw his plea was denied, Judge Fox stated in reference to what had transpired at the initially scheduled probation and sentence hearing: "There isn't any doubt about that [appellant's knowledge of the seriousness of the impending sentence] because I told Mr. Forno that I was not only going to sentence this defendant to custody but I was going to sentence him to the Penitentiary because I have never read a worse probation report. . . .''

[2]This section provides in relevant part: ". . . On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

a fine'' and ''Judge Fox had agreed to impose a fine . . . and that the fine would probably be between $500.00 and $1,000.00.'' Appellant's affidavit concluded by alleging that in reliance upon these promises and assurances, he changed his plea to guilty.

It should be noted that appellant's affidavit did not in any fashion accuse the trial judge or the district attorney of having made any promises or of having agreed to any particular disposition of the case. It merely alleged that appellant's own counsel had so informed him. Nevertheless, both the representative of the district attorney's office then before the court, and the trial judge personally, made statements for the record which emphatically and categorically denied that any such suggested promises or agreements had been made. Further, the deputy district attorney explained that the reason appellant's case had been transferred from the court of Judge Noble to that of Judge Fox was that appellant's counsel, Mr. Forno, had not desired to have Judge Noble rule on appellant's 995 motion after he had familiarized himself to some extent with the facts of the case and with appellant's past criminal record.

No purpose would be served by repeating in detail the standard and long recognized considerations that should affect a trial court's judgment in ruling upon a motion to withdraw a guilty plea. The entire subject was extensively covered in our decision in *People* v. *Caruso,* 174 Cal.App.2d. 624, 633 et seq. [345 P.2d 282].

In the instant case, there was not a scintilla of evidence tending to show that any responsible official had given the slightest semblance of corroboration to any false or unwarranted representations that may have been made to appellant by his counsel. (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657] ; *People* v. *Caruso, supra,* 174 Cal.App.2d at p. 640.)

Further, it is self-evident that the factual allegations set forth in appellant's affidavit were unworthy of belief. Despite the fact that Mr. Joe Forno was in court with appellant and Mr. Marks on the day that appellant's affidavit was filed, he neither made, nor was asked to make, any representations by way of affidavit or otherwise to support appellant's statements.

It appears a practical certainty that Mr. Forno must have known of the charges against him that were contained in the affidavit which Mr. Marks had brought with him and filed with the court immediately following the substitution of

attorneys, since Mr. Forno, upon learning earlier of the intended disposition in the matter, had expressly sought a continuance for the very purpose of allowing appellant to obtain new counsel for this purpose.

Neither the trial judge nor the members of this court could reasonably be expected to display the degree of gullibility that would be required to accept the truthfulness of the allegations set forth in appellant's affidavit. (*People* v. *Caruso, supra,* 174 Cal.App.2d at pp. 638-640.) To credit appellant's allegations with any verity, one would have to agree to the validity of one or the other of the following propositions: (1) that Mr. Forno had been the victim of a categorical and unmitigated false promise made by the trial judge but had failed to say anything whatsoever about it either at the time of the original probation and sentence hearing or at the time of appellant's motion to set aside his plea; or (2) that Mr. Forno had perpetrated a wholly unethical and despicable fraud upon his client and yet Mr. Marks failed to inquire into the matter in any manner whatsoever. We regard it as beyond question that the trial court's refusal to accept either of these propositions was fully justified.

Whatever point appellant had in mind in making his terse and enigmatic reference to *People* v. *Douglas,* 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964], under the heading "The Ineffective Representation by Counsel", it is clear that the holdings in that case regarding the appointment of separate counsel for indigent defendants with conflicting interests have no possible applicability here. At the time appellant entered his plea, he was the sole remaining defendant and was represented by private counsel of his own choosing. Even appellant does not have the temerity to suggest, and his own affidavit clearly refutes the possibility, that some sort of "package deal" was involved in this proceeding.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1966.