[Crim. No. 15230. Second Dist., Div. One. Mar. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. TIMOTHY EVANS, Defendant and Appellant.

---

Harold Gronborg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jimmie E. Tinsley, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of selling heroin.

In an information filed in Los Angeles on December 4, 1967, defendant was charged in three counts with selling heroin on September 18, 1967, September 27, 1967, and October 3, 1967, respectively. It was further charged that defendant previously had been convicted of a violation of section 266h of the Penal Code on March 21, 1960. Defendant pleaded not guilty on December 5, 1967, and presumably denied the charge of the prior conviction. On January 16, 1968, the causes were called for trial and defendant withdrew his plea of not guilty theretofore entered and pleaded guilty to count 1 as charged. Defendant waived a jury trial as to the charge of the prior conviction and it was stipulated that the determination of the truth of the charged prior conviction and the remaining counts in the information would be disposed of at the time of sentence and judgment with reference to count 1. A motion to withdraw the plea of guilty was denied. On March 19, 1968, defendant was sentenced to the state prison, counts 2 and 3 were dismissed (apparently in the interests of justice) and the charge of the prior conviction was found to be untrue. The minutes recite that defendant was admitted to bail on appeal although admittedly he had been selling heroin and was otherwise making a living pimping and having narcotics addicts work for him both as prostitutes and as sellers of heroin.

Defendant filed a timely notice of appeal.

Apparently counsel for defendant filed an affidavit with the court with reference to the motion to withdraw the guilty plea. That affidavit is not in the record in this case and we do not know what is contained therein. There was some discussion between the judge and counsel wherein the judge noted that defendant had never "had a 1538 or never had a 995, and he never raised this issue at all." Presumably the issue referred

to was a claim of entrapment although there is nothing in the record in this case to indicate even remotely that there was entrapment. The judge commented that defendant had sold heroin on the three occasions charged, that defendant never at any time claimed entrapment, that in the probation report defendant admitted that he had stolen the heroin, that he had had his codefendant Brenda Morris doing the same thing and for all intents and purposes defendant's counsel stated in open court that he agreed with the judge's comments and view of the case.

Appellant now asserts that he showed "good cause" for the granting of his motion and as a consequence the court erred in denying the motion.

It is readily apparent in this case that appellant in nowise complied with the provisions of section 1237.5 of the Penal Code and that alone is enough to dispose of the appeal adversely to appellant. Even assuming that appellant is in court, so to speak, it is clear that the trial judge did not abuse the discretion lodged with him. As stated in *People* v. *Gannaro,* 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711] : "The granting or denial of a motion by a defendant to withdraw his plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown. [Citations.] A defendant seeking to withdraw his plea of guilty and substitute a plea of not guilty must show good cause for such application. (Pen. Code, § 1018.) 'While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief "must be established by clear and convincing evidence." ' [Citations.] "

The appellant pleaded guilty to the charge contained in count 1 (selling heroin on September 18, 1967) and he was not entitled to any presumption of innocence. (See *People* v. *Caruso,* 174 Cal.App.2d 624, 634 [345 P.2d 282].) Furthermore, the judge was not required to give credence to the affidavits submitted in support of the motion. (*People* v. *Caruso, supra,* at p. 636.) The burden was on the appellant, who was asking leave to change his plea, to present clear and convincing evidence that the ends of justice would be subserved by permitting him to change his plea to not guilty. (*People* v. *Beck,* 188 Cal.App.2d 549, 553 [10 Cal.Rptr. 396].) There was

no credible showing by the appellant that he should be permitted to withdraw his plea of guilty.

. Appellant also seems to argue that his petition is in the nature of a petition for a writ of error *coram nobis*. The petition was made and denied before judgment. The requirements for a petition of writ of *coram nobis* were not met. (See *People* v. *Shipman*, 62 Cal.2d 226 [42 Cal.Rptr. 1, 397 P.2d 993].) The appellant is extremely fortunate in this case. The transcript of the proceedings clearly indicates that he was guilty of all three counts of selling heroin and that there was no question that he previously had been convicted of a felony. The judge commented "he has only one felony" and the prosecutor said he did not "know anything about it" and appellant was sentenced as a first offender for one sale of heroin.

The attempted appeal from the sentence is dismissed and the judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1969.