Filed 6/5/15  P. v. Pecaro CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059094 |
| v. | (Super.Ct.No. FVA1200291) |
| KENNETH JAMES PECARO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kenneth James Pecaro was charged by information with possession of marijuana for sale (Health & Saf. Code, § 11359, count 1) and sale or

1

transportation of marijuana (Health & Saf. Code, § 11360, subd. (a), count 2). It was

alleged that defendant had one prior strike conviction (Pen. Code,[1] §§ 1170.12,

subds. (a)-(d), 667, subds. (b)-(i)), one prior serious felony conviction (Pen. Code, § 667,

subd. (a)(1)), and four prison priors (Pen. Code, § 667.5, subd. (b)). On October 1, 2012,

defendant moved for a substitution of counsel, pursuant to *People v. Marsden* (1970) 2

Cal.3d 118 (*Marsden*).[2] The court held a hearing, listened to defendant's concerns, and

denied the motion. The next day, pursuant to a plea agreement, defendant pled no contest

to count 1 and admitted one prior strike conviction. On October 24, 2012, defendant filed

a motion to withdraw his guilty plea and a *Marsden* motion. The *Marsden* motion was

denied. The motion to withdraw was also denied. Subsequently, in accordance with the

plea agreement, the court sentenced defendant to 32 months in state prison on count 1 and

dismissed the remaining counts and allegations. The court deemed the sentence to have

been served (Pen. Code, § 1170, subd. (a)(3)), placed defendant on parole, and directed

him to report to the parole office.

Defendant filed a timely notice of appeal, but failed to request a certificate of

probable cause. On January 21, 2014, this court granted defendant permission to file an

amended notice of appeal. On January 30, 2014, defendant did so, along with a request

for certificate of probable cause, which the court granted. On appeal, defendant contends

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] The record on appeal apparently does not contain a written *Marsden* motion.

2

that the court abused its discretion in denying his motion to withdraw his guilty plea.  We affirm.

PROCEDURAL BACKGROUND

On October 1, 2012, defendant informed the court that he wanted to have a *Marsden* hearing.  The court gave defendant the opportunity to discuss why he thought his attorney, Julian Ducre, had not properly represented him.  Defendant told the court that he had contacted a civil rights attorney named Letitia Pepper, who told him that he had not violated any state law.  Defendant also stated that Mr. Ducre had his case for nearly seven months, but had not done much investigation.  Thus, defendant was concerned that he would not get a fair trial.  The court questioned Mr. Ducre about what investigation had been done.  Mr. Ducre described the efforts made, and explained that he needed to contact Ms. Pepper, find out which marijuana dispensaries defendant was working with, and obtain information.  Mr. Ducre said that he had not completed the investigation on defendant's case because he had recently done three back-to-back trials.  Therefore, he asked for a continuance for two to three weeks.  The court determined that Mr. Ducre's work with defendant's case had not been deficient and that there were no irreconcilable differences between him and defendant.  The court expressed its willingness to continue the matter and asked Mr. Ducre to find case authority for it to do so.  The court then denied the *Marsden* motion.

The next day, on October 2, 2012, defendant entered a plea agreement, in which he pled no contest to count 1 and admitted his prior strike conviction.  In exchange, the court dismissed the remaining counts and allegations and sentenced him to 32 months in

3

state prison.  On the record, the trial court confirmed defendant's understanding of the plea agreement.  The court also advised him that he was giving up his rights to a jury trial, to confront witnesses, to present a defense, and to remain silent.  The following colloquy occurred:

"THE COURT:  And then has anybody forced or threatened you or someone near or dear to you to take this deal?

"THE DEFENDANT:  Not at all.

"THE COURT:  Anything interfering with your ability to understand what you're doing?

"THE DEFENDANT:  I understand what I'm doing."

After a brief discussion regarding credits and whether the parties wanted a probation report, the court reiterated the following:

"THE COURT:  Okay.  And then anybody force or threaten you or anyone near or dear to you to take the plea agreement?

"THE DEFENDANT:  No.  No.  No, sir.

"THE COURT:  All right.  Okay.  And then I think you said nothing was interfering with your ability to understand what you're doing, right?

"THE DEFENDANT:  I'm fine.

"THE COURT:  Free and clear mind?

"THE DEFENDANT:  Yes."

The court confirmed with defense counsel that he went over the form with defendant, and that he thought defendant understood what he was doing.  Defendant

4

entered his no contest plea and admitted his prior strike conviction.  The court found that the plea was made freely and voluntarily.

On October 24, 2012, defendant filed a motion to withdraw his guilty plea and another *Marsden* motion.[3]  He submitted a declaration in support of the motion to withdraw, in which he stated that he was a medical marijuana patient and had a doctor's recommendation to use marijuana for his seizure disorder.  When he was stopped by the police, he was on his way to a collective to sell it.  Defendant further stated that, on the morning of October 1, 2012, Mr. Ducre told him he was unprepared to go to trial. Mr. Ducre also told him he had just lost his last three murder trials, and that he had lost a medical marijuana case.  Mr. Ducre told defendant he had been trying to get him a plea deal, but he was willing to go to trial.  Defendant said he felt pressured by Mr. Ducre, the prosecutor, and his codefendant, who wanted him to plead guilty.  He said he took the plea deal, but was so unhappy with the circumstances that he specifically refused to initial the box waiving his right to appeal, because he thought he could complain on appeal that Mr. Ducre had provided him with ineffective assistance of counsel and get his conviction overturned.

On October 31, 2012, the court held a hearing on the second *Marsden* motion. The court had an extensive discussion with defendant and Mr. Ducre about all that had occurred.  Defendant complained that the investigator did not investigate and Mr. Ducre

---

[3]  There does not appear to be a copy of the *Marsden* motion in the record on appeal.  However, in the motion to withdraw the guilty plea, defendant refers to his "concurrently-filed *Marsden* motion."

was not well-versed in medical marijuana law. Defendant told the court he pled guilty because he felt that it would be worse to go to trial with an attorney who was not prepared. Mr. Ducre told the court that all along, "what [defendant] was looking for was a better deal." Mr. Ducre said he discussed everything with defendant and told him exactly what he planned to focus on in the case, and that he just needed time. Mr. Ducre also told defendant he was prepared to file a motion for a continuance, and he had the case cite to support it. Mr. Ducre testified that defendant said he was tired and just "want[ed] to get this over with."

Before making its ruling, the court noted that the parties spent well over an hour discussing the motion, and that it also spent time earlier that morning just talking with defendant. The court stated that it had also spent quite of bit of time reading all the declarations and considering everything. The court then stated: "[W]here this whole thing turns is the fact that I would have granted a continuance with the proper case authority, and I believe that there was authority to continue the case over a co-defendant's objection." It remarked that, in a situation where an attorney was not ready because he had been engaged in so many trials, it would have granted the continuance. The court concluded that defendant simply had "buyer's remorse" since he had had time to think about it. The court stated that, even though defendant knew what his counsel planned to do and that the court would have given him more time, defendant still pled guilty. The court felt that defendant made an educated and informed decision, based on the information he had. The court denied the motion, finding that Mr. Ducre had properly represented defendant. The court added that there was no breakdown in the

6

relationship, such that it would be impossible for Mr. Ducre to continue representing him. The court then asked if defendant had any other requests at that time, and defendant said he wanted to withdraw his plea.

The hearing on the motion to withdraw the plea took place on April 26, 2013. The testimony was very similar to that of the October 31, 2012 *Marsden* hearing. Mr. Ducre testified that he and the prosecutor had gone back and forth numerous times negotiating a plea deal. He said that he had been in court about 14 times on the case, and during those times, the offer of four years in prison was "always on the table." At some point, Mr. Ducre made a counteroffer of 32 months, and the prosecutor agreed, if defendant would waive his custody credits. The prosecutor eventually agreed to the 32 months and allowed defendant to keep his credits. Mr. Ducre testified that defendant knew he was not prepared to go to trial at that point, but that the court would allow a continuance to give him time to prepare the case. Mr. Ducre also testified that it was defendant's decision to take the offer, and that he did not force or advise him to take it. He went over the rights and waivers in the plea form with defendant before defendant signed it; defendant said he wanted to retain his right to appeal the court's denial of his motion to suppress evidence. Defendant also testified at the hearing, and he confirmed that Mr. Ducre told him that if he wanted a trial, it was his decision. He further agreed that Mr. Ducre told him he was not ready for trial, but he would get a continuance in order to do whatever investigation needed to be done. Defendant testified that when Mr. Ducre told him that he recently lost a medical marijuana trial, it "made [defendant] think that it

would be better to count [his] losses." The matter was continued to May 17, 2014. The court then heard closing arguments and denied defendant's motion to withdraw his plea.

ANALYSIS

The Trial Court Properly Denied Defendant's Motion to Withdraw His Plea

Defendant contends the trial court abused its discretion in denying his motion to withdraw the plea. In support of his contention, he argues that he pled guilty because his attorney was "habitually unprepared" to represent him, that he "lost complete confidence in his appointed attorney's ability or willingness to be appropriately prepared to defend [his] conduct at trial," and his attorney pressured him to accept the bargain. We find no abuse of discretion.

Guilty pleas and admissions may be withdrawn before judgment for good cause shown. (§ 1018; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1475.) Mistake, ignorance, fraud, duress, or any other factor overcoming the exercise of free judgment is good cause, but must be shown by clear and convincing evidence. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456 [Fourth Dist., Div. Two].) A decision to deny a motion to withdraw a guilty plea rests in the sound discretion of the trial court and is final unless the defendant can show a clear abuse of that discretion. (*Ibid*.)

The record here shows that defendant exercised his free judgment when he entered his guilty plea. Defendant assured the trial court he had enough time to go over all of the matters thoroughly and completely with his attorney and that he had no questions. Furthermore, instead of informing the trial court that he felt forced to enter the plea agreement, defendant initialed the plea form stating that no one used any type of force,

8

violence, threats, menace, duress, or undue influence on him to get him to plead guilty. At the plea hearing, the court asked him if anyone had forced him to take the deal, and defendant said, "Not at all." After further discussion, the court asked him again if anyone had forced him to take the deal. Defendant emphatically stated, "No. No. No, sir." In addition, Mr. Ducre testified that he did not force or even advise defendant to take the offer. Mr. Ducre said he specifically told defendant that it was his decision whether or not to take the offer.

Defendant contends that he should be able to withdraw his plea because his counsel was unprepared. In support of his claim, defendant cites *People v. Young* (1956) 138 Cal.App.2d 425 (*Young*) and *People v. McGarvy* (1943) 61 Cal.App.2d 557 (*McGarvy*). Both cases are distinguishable. In *Young*, *supra*, 138 Cal.App.2d 425, the appellate court reversed the trial court's denial of the motion to withdraw the guilty plea because the defendant's counsel had informed him *immediately preceding* the time for the trial that he was not prepared to proceed with the trial. (*Id*. at p. 426.) The defendant's counsel told him he would have to try the case """"from the seat of [his] pants."""" (*Ibid*.)

In the instant case, Mr. Ducre told defendant he was unprepared to go to trial on October 1, 2012, because of the back-to-back trials he was working on. Mr. Ducre told him he was now free to dedicate himself to defendant's case. Moreover, Mr. Ducre told defendant his defense strategy and told him the court was going to grant a continuance for three weeks, in order to give him time to prepare. Thus, Mr. Ducre came to court prepared to seek a further continuance and to work on defendant's case. Unlike the

9

attorney in *Young*, Mr. Ducre was planning on preparing the defense before trial, rather than trying the case "'"'from the seat of [his] pants.'"'"' Despite Mr. Ducre's assurances that he planned to prepare for trial, defendant decided to enter the plea agreement.

In *McGarvy*, *supra*, 61 Cal.App.2d 557, the defendant was arrested one morning and was arraigned the next day. He asked for an attorney but was told the court had no authority to appoint one and that he did not need one for the preliminary hearing. The following morning, the defendant appeared in court with an attorney.[4] The defendant and the attorney conversed for 20 to 30 minutes before the defendant pled guilty to one of the charges. (*Id*. at pp. 558, 560.) The day after that, the defendant appeared with another attorney and moved to withdraw his guilty plea. The defendant stated that he did not have sufficient time to discuss his case with his first attorney, he did not understand the nature of the proceedings, his attorney advised him to plead guilty, and the proceedings were "so hurried he 'was not given time to think of anything.'" (*Id*. at p. 559.) The trial court denied his petition to change his plea. (*Id*. at p. 558.) However, the appellate court considered all the circumstances and reversed the judgment. (*Id*. at p. 565.)

The instant case is completely distinguishable from *McGarvy*. Defendant's case had been continued numerous times, so he had several months to consider what to do. Mr. Ducre fully explained the nature of the proceedings with him. Moreover, Mr. Ducre did not advise him to plead guilty. Rather, he told defendant that the decision was his.

---

[4] The district attorney had called the attorney on the morning of the arraignment and asked if he would "'at least talk' to 'a defendant charged with murder and manslaughter.'" (*McGarvy*, *supra*, 61 Cal.App.2d at p. 560.)

Defendant apparently weighed the circumstances and decided that he would obtain a better outcome if he took the plea deal.

In sum, we conclude that defendant failed to make a sufficient showing at the hearing on the motion that he was operating under mistake, ignorance, or inadvertence, or that the exercise of his free judgment was overcome. (*People v. Nance*, *supra*, 1 Cal.App.4th at p. 1456.) Accordingly, the trial court properly denied defendant's motion to withdraw his guilty plea.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.