Filed 7/13/15  P. v. Roberts CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C075935 |
| Plaintiff and Respondent, | (Super. Ct. No. F13000243A) |
| v. | |
| MICHAEL WAYNE ROBERTS, | |
| Defendant and Appellant. | |

Defendant Michael Wayne Roberts appeals from a postjudgment order denying his motion to withdraw his plea.  Defendant contends the trial court abused its discretion in denying his motion.  We disagree and affirm the order.

### FACTS AND PROCEEDINGS

At the conclusion of his preliminary hearing on September 24, 2013, defendant was held to answer.  Defendant waived the statutory time limit for arraignment and agreed to be arraigned on October 11, 2013.  He did not ask to be released from custody.

1

On October 11, 2013, defendant entered a negotiated plea of no contest to first degree burglary in exchange for a stipulated sentence of two years in state prison. Defendant did not ask to be released from custody either prior to entering his plea or at the plea hearing. He did not request to be sentenced immediately and waived his right to be sentenced in 20 days.

At the sentencing hearing on November 18, 2013, defendant personally sought a "two-day" pass to attend his mother's rosary and funeral. The court denied defendant's request for a "pass," stating that defendant was "a convicted felon who is going to prison." Defendant thereafter personally apologized for his conduct, stating, "I would like to apologize for what I did to the victims as well and I have accepted my responsibility and my participation in what I did." The court imposed the stipulated sentence and remanded defendant to the custody of the sheriff for transport to the Department of Corrections and Rehabilitation.

On December 5, 2013, defense counsel sent a memo to the court, asking it to appoint conflict counsel to investigate whether there were grounds to withdraw defendant's plea.

On December 9, 2013, the court appointed conflict counsel to evaluate a motion to withdraw defendant's plea.

On January 23, 2014, defendant moved to vacate the judgment, claiming he entered his plea based on mistake and extreme emotional distress. Defendant claimed that on September 20, 2013, while he was in custody at the county jail, his sister informed him that his brother had assaulted his mother, that his mother was dying, and that a priest was giving his mother her " 'last rites.' " Defendant requested a "pass" from the jail to visit his dying mother. Defendant wanted to leave after court on September 24, 2013 (the preliminary hearing), and planned to return one to two weeks after the funeral.

Defendant claimed that on some unspecified date, jail personnel responded, giving defendant a note that stated, "Due to the fact you are not yet sentenced you will need to

make your pass request to the courts." Defendant claimed that he construed the note to mean that he "had to be sentenced in order to be able to get a 'pass.'" Defendant claimed that for "a few weeks" thereafter he thought his mother "was ok." Defendant claimed he did not learn of his mother's death which occurred on October 4, 2013, until he received a letter dated October 16, 2013, from a probate attorney. Defendant argued that he was emotionally upset and his judgment was "clouded" when he entered a plea, believing that once he was sentenced he would be released from jail on a pass to visit his dying mother.

The prosecution opposed the motion, arguing defendant's interpretation of the note from jail personnel was not reasonable and that the note clearly explained that defendant had to request a pass from the court.

At the hearing on defendant's motion on February 7, 2014, the court first discussed the procedural nature of defendant's motion. After defendant was sentenced, "the matter was continued sort of in anticipation of a writ of habeas corpus. [¶] The Court accepted the motion to consider withdrawing his plea, rather than wait for him to get committed and then be brought back for the hearing. And we accepted it as just a motion that [defense counsel] filed." The court noted that defendant had already been sentenced and was awaiting transport to prison.

The court stated that it had reviewed defendant's motion with "some intensity, because of the sadness that [defendant] had to endure being in custody and not being available regarding the death in his family." The court noted that defendant had been represented by counsel at all times and the issue was not raised.

In denying defendant's motion, the court found that defendant had not shown a mistake, ignorance of the law, or such emotional trauma to overcome his judgment, commenting that defendant's "affidavit about his mistaken belief that he had to be sentenced before he could apply for release is not a sufficient reason."

3

Defendant contends that the court abused its discretion in denying his motion.

Penal Code section 1018 provides in relevant part as follows: " 'On application of the defendant at any time before judgment . . . the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.' " On its face, Penal Code section 1018 applies to a prejudgment motion to withdraw a plea. The showing for a postjudgment motion to withdraw a guilty plea, however, is the same as that required under section 1018. (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617, fn. 5.) To establish good cause to withdraw his plea, a defendant must show that he entered his plea under mistake, ignorance, inadvertence, fraud, duress, or any other factor overriding his free judgment. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) A defendant must show that his free will was overcome, not that he "changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) A trial court's ruling denying a defendant's motion to withdraw his plea is reviewed for an abuse of discretion. (*People v. Mickens* (1995) 38 Cal.App.4th 1557, 1561.)

Here, the court considered defendant's motion and attachments, particularly defendant's affidavit, and found that he had not shown good cause to withdraw his plea. Defendant claims "the trial court found that [his] no contest plea was predicated on mistake." Defendant misinterprets the trial court's ruling. The trial court found defendant's reason in his affidavit, that is, that he misconstrued the jail's response, was insufficient to show a mistake to withdraw his plea. The trial court was not bound to accept defendant's affidavit as credible. (*People v. Caruso* (1959) 174 Cal.App.2d 624, 636.)

The jail's note was clear--defendant had to ask the court for a pass. Defendant certainly was aware that he had to ask for a pass from the court because he asked for one at sentencing but it was denied. As the trial court noted, defendant was at all times

4

represented by counsel and did not request prior to or at the entry of plea hearing to be released to visit his dying mother. When defendant entered his plea, he stated that he had not been induced to enter his plea other than what had been promised in the plea bargain, that is, a stipulated sentence of two years in state prison. Defendant entered his plea after his mother was deceased (although he claimed he learned of her demise after the fact). At sentencing, defendant requested a pass to attend his mother's rosary and funeral and never mentioned that he entered his plea because he had felt induced to enter a plea in order to visit her before she died. Instead, defendant accepted full responsibility for his conduct of burglarizing the victims and apologized.

Defendant failed to demonstrate good cause to withdraw his plea. The trial court did not abuse its discretion in denying his motion.

### DISPOSITION

The order denying defendant's motion to vacate the judgment/withdraw his plea is affirmed.


      HULL          , Acting P. J.


We concur:


      ROBIE         , J.


      MAURO        , J.


5